## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

**RYAN LAMBERT,**

        **Plaintiff,**

**V.**                                                    **CIVIL ACTION NO.:  6:22-cv-00782**

**AMERICAN PIZZA PARTNERSHIP LP, a
limited partnership, and RESTAURANT
MGT CO., a corporation.**

        **Defendant.**

---

### DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants American Pizza Partnership LP and Restaurant Mgt Co. (collectively, "Defendants"), by and through their undersigned counsel, respectfully move to dismiss Plaintiff's First Amended Complaint [ECF No. 10] pursuant to Fed. R. Civ. P. Rule 12(b)(1) as follows:

### I. INTRODUCTION AND BACKGROUND

Plaintiff Ryan Lambert ("Lambert") claims to be a disabled ADA "tester" who wants to "utilize ADA litigation to make his home community more accessible for Plaintiff and others." At least, that is what Lambert alleged in his original Complaint[1] and in the seventeen other cases Lambert has filed this year in this District.[2] However, Plaintiff has abandoned those allegations in his First Amended Complaint [ECF No. 10] in response to Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 9]. The reason for doing so is simple, Defendants' established that Plaintiff's alleged tester status and boilerplate standing allegations were insufficient to establish standing and have been rejected by other courts. However, in removing Plaintiff's tester

---

[1] Complaint at ¶ 7 [ECF No. 1].
[2] See, Exhibit 1, list of Lambert ADA lawsuits.

allegations, Plaintiff still failed to plead standing as a purported "patron" of the Pizza Hut branded restaurant located in Bellmead, Texas (the "Restaurant").[3]

Lambert alleges a handful of alleged physical barriers in the parking area of a Pizza Hut branded restaurant located in Bellmead, Texas (the "Restaurant"),[4] yet, not once in the Complaint or First Amended Complaint does Plaintiff articulate any specific desire to eat at or order any food from the Restaurant.[5] Instead, Plaintiff contends that the purpose of "the revisit is to be a regular patron (i.e. purchase gasoline, use the bathroom, purchase convenience items, and also purchase general goods and services of the type that would be purchased by any other person in their daily life)."[6] But, this is a Pizza Hut, not a gas station or convenience store. This is just another example of Plaintiff's copy and paste conclusory allegations in his multitude of lawsuits that are insufficient to plead a plausible intent to return to the property.

Since the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269 (5th Cir. 2021), it is clear that testers like Lambert do not have standing to sue because their interest in enforcing the ADA for the public good is not the kind of personal interest that can give rise to a concrete injury sufficient to satisfy Article III of the Constitution. Simply deleting the word "tester" from the First Amended Complaint cannot solve this fatal defect in Plaintiff's standing. As such, Lambert has not plausibly alleged any other injury and his Amended Complaint therefore fails to allege subject matter jurisdiction.

---

[3] First Amended Complaint at ¶ 9.
[4] Complaint at ¶ 10.
[5] *See, e.g.,* Complaint at ¶¶ 14-15, First Amended Complaint at ¶¶ 11-16.
[6] First Amended Complaint at ¶16.

## II. ARGUMENT`

### A.    Standard For Determining A Motion To Dismiss For Lack Of Standing.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit.  Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When the issue is subject matter jurisdiction, as it is in this case, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, her 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021).[7]

Because standing is fundamental to subject matter jurisdiction under Article III of the Constitution this plausible set of facts must include an allegation the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied

---

[7] Quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012), respectively.

by 'some concrete interest that is affected by the deprivation.'" *Laufer,* 996 F.3d at 272.[8] The Fifth Circuit has repeatedly held that this requires that ADA plaintiffs allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." *See*, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc).

For claims brought under the ADA, proving a past injury is not enough. The plaintiff must also plead a *plausible* intent to return to the defendant property because Title III of the ADA provides only for injunctive relief. *Deutsch,* supra 882 F.3d at 173. Without the imminent danger of future injury the plaintiff does not have standing to seek injunctive relief and the claim must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement [of Article III] only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).[9] The threatened injury must also be an injury in fact and there must be a "substantial risk" the injury will occur. *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). An allegation of a past wrong is not sufficient to allege an imminent future wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).[10] Because an injury in fact must be "concrete" this requires a substantial risk that the plaintiff will in the future suffer the same kind of harm that satisfies the Article III injury requirement for past injury.

**B.      Plaintiff Does Not Have Article III Standing.**

Even absent Plaintiff's tester allegations, the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021) is still controlling in this matter. This is

---

[8] Quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).
[9] And see, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018).
[10] Quoted in *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021).

because, in *Laufer*, the plaintiff attempted to allege standing based on her tester status and as a potential patron of the businesses. *Id.* Like *Laufer*, Plaintiff's former "tester" and current "patron" allegations are conclusory and insufficient to survive a motion to dismiss.

As established in Defendants' Motion to Dismiss the Complaint, standing based on a tester's interest in enforcing the ADA for the public good is a thing of the past. In *Laufer* the plaintiff was, like Lambert, an ADA tester. Ms. Laufer claimed she visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." 996 F.3d at 272 (5th Cir. 2021). In his original Complaint, Lambert alleged the same kind of interest in visiting public places like the Restaurant that is the subject of this lawsuit[11]:

> Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.[12]

Although Laufer visited hotel websites she never made any reservations and had no definite intent to do so in the future. *Id.* The Fifth Circuit found that because she was looking for information that she did not need or intend to use, she had not suffered the kind of concrete injury required by Article III.

> Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still "would need to allege at least that the information had 'some relevance' to her.". . . Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so.

996 F.3d at 273 (internal citations omitted). Calling herself a tester could not make up for the lack of a personal interest: "Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes." 996 F.3d at 273.

---

[11] Complaint at ¶ 9.
[12] Complaint at ¶ 7.

Absent her tester allegations, Laufer also relied on the following allegations to show a future intent to patronize the hotel at issue: "I have plans to travel to Texas as soon as the Covid crisis is over and it is safe to travel. I intend to travel all throughout the State, including Aust[i]n and the surrounding towns, including Caldwell, and I need to stay in hotels when I go." *Laufer*, 996 F.3d at 272. The Fifth Circuit found this allegation of a future intent to visit the hotel to be too vague and conclusory to support standing. *Id.*

In the recent matter *Segovia v. Admiral Realty, Inc.*, the District Court applied the *Laufer* analysis to a nearly identical complaint filed by Plaintiff's counsel and dismissed an amended complaint for lack of standing.  No. 3:21-CV-2478-L, 2022 WL 3104849, at *1 (N.D. Tex. Aug. 4, 2022). In *Segovia*, the plaintiff alleged the very same tester allegations asserted by Lambert verbatim in the original Complaint[13] and, also like Lambert, that he had "patronized" the property on multiple occasions but was "unable to gain equal access as a disabled patron due to alleged physical barriers.  *Segovia,* 2022 WL 3104849, at *1.  Moreover, the alleged physical barriers in *Segovia* consisted of the same sort of alleged issues with slopes and parking areas that Lambert alleges in this matter. *Id.* Based on the very same allegations that Lambert originally pled in this case, the District Court in *Segovia* concluded  that the plaintiff's "plan to return and 'patronize' the Subject Property is not related to his day-to-day activities, but instead related to his role as a 'tester'" and was, therefore, "insufficient to confer standing as he has not shown that being unable to access the Subject Property affects his activities in some concrete or particularized way." *Segovia*, 2022 WL 3104849, at *3.

Lambert, like Ms. Laufer and Mr. Segovia, are "testers" without the kind of personal interest in the accessibility of Defendants' property that would make the existence of barriers to

---

[13] Compare First Amended Complaint at ¶¶ 11, 13 and Exhibit 2, Amended Complaint in *Segovia*, ¶¶ 7, 12, 14.

access cause him a concrete, personal injury. Whether as a "patron" or as an "attempted patron" Lambert visited the Restaurant with no plausible intent to use its goods and services. Removing the word "tester" from the First Amended Complaint does not solve this problem. Plaintiff saw conditions he claims made it difficult for him to park and enter the Restaurant but does not explain why he had a personal interest in either parking or going into the Restaurant. He was there, as he had admitted in the original Complaint and seventeen other complaints in this District, to look for ADA violations so he could file a lawsuit.[14] His abstract interest in the enforcement of the ADA is not a concrete and personal interest sufficient for him to suffer an injury meeting the requirements of Article III.

Further, the claim that Lambert visited the Restaurant "as a patron"[15] fails to meet the requirement that an allegation be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and have sufficient specificity "to raise a right to relief above the speculative level," *id.* at 555, 127 S.Ct. 1955. Lambert alleges that he lives "within 30 miles" of the Property[16] and is near the Property "numerous times every month."[17] The plausibility of those allegations must be discounted in light of Lambert's admission that he is a "tester" who drives the streets looking for ADA violations and has filed numerous other lawsuits making identical claims.[18] Moreover, this is the identical allegation raised in the *Segovia* complaint filed by Plaintiff's counsel.[19] This is not just coincidence, but evidence of the use of mere boilerplate conclusory allegations designed to manufacture standing.

---

[14] See, Exhibit 1, List of Lambert ADA lawsuits from Pacer.
[15] First Amended Complaint at ¶¶12-14, 16, 28.
[16] First Amended Complaint at ¶11.
[17] *Id.*
[18] The Court can take judicial notice of nearly identical and equally vague allegations in Lambert's other lawsuits, a sampling of those complaints are attached in Exhibits 3-7 to this Motion.
[19] Exhibit 1, ¶ 12.

In addition, Lambert's claim to be "a patron" lacks the specificity necessary for plausibility. After all, it is scarcely plausible that he would drive 30 miles to visit a franchised restaurant without some explanation of why. What did he intend to purchase or consume? Nor, did he allege that he had ever consumed any pizza or other food products from the same brand. Instead, Plaintiff contends that the purpose of "the revisit is to be a regular patron (i.e. purchase gasoline, use the bathroom, purchase convenience items, and also purchase general goods and services of the type that would be purchased by any other person in their daily life)."[20] But again, this is a free-standing Pizza Hut restaurant, not a gas station, food mart, or convenience store. While this may be applicable to one of the seventeen other businesses in this District that Plaintiff has sued this year, it has no bearing on Plaintiff's intent to return to the Restaurant. In other words, the Restaurant does not fall within the type of businesses that Plaintiff lists in the First Amended Complaint that he allegedly routinely stops and frequents in the area: "gas stations, convenience stores, and retail stores along his routine route of travel."[21] The Restaurant is none of the above.

Other than these apparent copied and pasted allegations, all Lambert does is quote the language of the statute, saying he wants to use the "goods, services, facilities, privileges, advantages and/or accommodations" of the Restaurant.[22] Allegations of this kind that merely quote the statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."" Moreover, such vague allegations are similar to the conclusory and vague allegations of a future intent that the Fifth Circuit found deficient in *Laufer*. *Laufer*, 996 F.3d at 272.

---

[20] *See*, First Amended Complaint at ¶¶12,16.
[21] *See*, First Amended Complaint at ¶ 12.
[22] *See*, First Amended Complaint at ¶28.

Indeed, in *Calcano v. Swarovski N.A. Ltd.*, the Second Circuit recently rejected similar allegations from testers' stating that they each had been a "customer at Defendant's [location] on prior occasions," and "intend[ed] to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind." 36 F.4th 68 (2d Cir. 2022). The Second Circuit held that the plaintiffs lacked standing because "'naked assertions' of intent to return to Defendants' stores" once accessible and "a mere 'profession of an intent to return to the places' previously visited is 'not enough' to establish standing for prospective relief." *Id.* at 77-78.

Lambert has not provided any facts that would make his claim to be "a patron" of the Restaurant plausible and has therefore failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury. For this reason alone, the Court should dismiss Plaintiff's First Amended Complaint.

### C.   Lambert Has Not Alleged An Imminent Future Injury That Would Support Injunctive Relief.

As noted above, for cases brought under Title III of the ADA a plaintiff must show an imminent future injury that will be avoided if injunctive relief is granted because injunctive relief is the only relief available to a Title III plaintiff. This requires both that the anticipated injury be an injury in fact and that it be imminent:

> That threatened future injury "must be an injury in fact." . . . That means, as relevant here, that the injury must be " 'imminent' ... 'to ensure that the alleged injury is not too speculative for Article III purposes.'". . . "For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur."

*Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). In an ADA Title III case this requires a plausible intention or desire to return:

> Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims only if they show a plausible intention or desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721

F.App'x 336, 339-40 (5th Cir. 2018); see also *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). A vague allegation of an intent to return to the place of injury "some day" is insufficient.[23]

*Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019).[24] Lambert has not alleged any plausible reason (other than his search for lawsuits) to visit the Restaurant in the first place, so it is not surprising he also fails to plausibly plead an intent to return that would give rise to an imminent threat of future harm. He claims that he intends to revisit the Restaurant "within six months of the filing of this Complaint or sooner"[25] or "again in the very near future,"[26] with no explanation of why he intends to return except "as a patron," but really as a "tester" looking for lawsuits. These "someday intentions" are not sufficient to plead an imminent future injury. See, *Strojnik v. Teof Hotel GP*, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020). Equally important, Lambert has not plausibly alleged that he will suffer a concrete harm if he does return, for his claim he will return as "a patron" is just as conclusory as his allegation that his first visit was as an attempted patron. Without a plausible allegation of intent to return to actually buy some good or service Lambert has failed to allege an imminent future injury sufficient to plead a claim under the ADA.

### III. CONCLUSION

For the foregoing reasons, Defendants American Pizza Partnership LP and Restaurant Mgt Co. respectfully request the court dismiss Plaintiff's suit in its entirety, with prejudice, and award

---

[23] Quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ["Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require"]

[24] Report and recommendation adopted sub nom. *Strojnik v. Landry's*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020)

[25] First Amended Complaint at ¶16.

[26] First Amended Complaint at ¶29.

Defendants their attorneys' fees and costs and grant such other and further relief for which they may show themselves justly entitled.

Submitted this 7th day of October 2022.

*/s/ Joseph W. Gagnon*

**JOSEPH W. GAGNON**
Texas Bar No. 00787507
**FISHER & PHILLIPS LLP**
333 Clay Street, Suite 4000
Houston, Texas  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
jgagnon@fisherphillips.com

- and -

**Steve A. Miller (*pro hac vice* to be filed)**
Illinois Bar 6243506
**Scott C. Fanning (*pro hac vice* to be filed)**
Illinois Bar 6292790
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, Illinois  60606
Telephone: (312) 346-8061
Facsimile: (312) 346-3179
Email: smiller@fisherphillips.com
Email: sfanning@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of October, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system as required by Rule 5 of the Federal Rules of Civil Procedure, which will automatically send e-mail notification of such filing to the following counsel of record:

K. Michael Sturgill
Matthew Sapp
Sapp & Sturgill, PLLC
209 2nd Street
Fort Worth, TX 76102
Telephone: 214-382-0283
Email: mike@sappsturgill.com
matt@sappsturgill.com

*Counsel for Plaintiff*

*/s/ Joseph W. Gagnon*
**JOSEPH W. GAGNON**